**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**ARIO MINERALS LLC,**
**BIG HUFF MINERALS LLC,**
**COURTNEY MINERALS LLC,**
**MINGO MINERALS LLC,**
**MOHLER MINERALS LLC,**
**PARDEE MINERALS HOLDING COMPANY LLC,**
**PARDEE OIL & GAS LLC,**
**PARDEE RESOURCES COMPANY,**
**PARDEE ROYALTY LLC,**
**PLC MINERALS LLC,**
**POWELLTON MINERALS LLC,**

       **Plaintiffs,**

**v.**                                  **Civil Action No. 1:23-cv-00522**
                                      **(Senior Judge David A. Faber)**

**DIVERSIFIED PRODUCTION LLC d/b/a**
**ALLIANCE PETROLEUM CORPORATION,**
**DIVERSIFIED GAS & OIL CORPORATION,**
**DIVERSIFIED ENERGY COMPANY PLC,**

       **Defendants.**

## AMENDED COMPLAINT

On this day came the Plaintiffs, by counsel, John F. McCuskey, Brian J. Warner, Michael P. Quinlan, and the law firm of Shuman McCuskey Slicer PLLC, and hereby state as follows:

### I.      The Parties and Jurisdiction

1.     Plaintiffs (hereinafter, collectively, "Pardee") are companies with a principal place of business in the Commonwealth of Pennsylvania. The Plaintiff Limited Liability Companies are Delaware limited liability companies whose sole managing member is Pardee Minerals Holding Company LLC, a resident of the Commonwealth of Pennsylvania. The sole managing member of Pardee Minerals Holding Company LLC is Pardee Resources Company, incorporated in and a

resident of the Commonwealth of Pennsylvania. All Plaintiffs, except Pardee Minerals Holding Company LLC and Pardee Resources Company, are licensed to and do conduct business in the State of West Virginia.

2.     Defendant Diversified Production LLC is a Pennsylvania limited liability company whose principal place of business is located in the State of Alabama. Through a series of mergers in mid-2019, Diversified Production LLC assumed control of and began doing business as Alliance Petroleum Corporation. Defendant Diversified Gas & Oil Corporation is a Delaware corporation with its principal place of business in the State of Alabama and sole managing member of Diversified Production LLC. Defendants Diversified Production LLC and Diversified Gas & Oil Corporation, and Alliance Petroleum Corporation (hereinafter "West Virginia Diversified Defendants") were or are each registered to conduct business in the State of West Virginia and, in fact, conduct business in the State of West Virginia and the Commonwealth of Virginia during the period of time from January 2018 to the present. Defendant Diversified Energy Company PLC (hereinafter "Diversified Co-Conspirator") is a foreign corporation, not licensed to conduct business in the State of West Virginia but which, in fact, has conducted business in the State of West Virginia and engaged in business transactions with the West Virginia Diversified Defendants during the period of mid-2018 to present, relative to the Pardee Leases referenced hereafter.

## II.    Factual Background

3.     At all times complained of in the period of mid-2018 to present, one or the other of the two West Virginia Diversified Defendants were, or are representing themselves to be, and acting as the named lessee or the current owner or assignee of the lessee oil and gas rights with regard to the hereafter defined Pardee Leases.

4.      From early 2018 to mid-2019, one or more of the West Virginia Diversified Defendants acquired or purchased the lessee rights of EQT Production Company and other Pardee Lessees to various mineral tracts owned by the Plaintiffs throughout primarily West Virginia culminating in mid-2019. Upon information and belief, by conveyances, assignments and contracts, one or the other of the West Virginia Diversified Defendants became, or has represented itself to be, the lessee of the mineral estates owned by one or more of the Plaintiffs, Ario Minerals LLC, Big Huff Minerals LLC, Courtney Minerals LLC, Mingo Minerals LLC, Mohler Minerals LLC, Pardee Oil & Gas LLC, Pardee Royalty LLC, PLC Minerals LLC, and Powellton Minerals LLC (hereinafter "Plaintiff Pardee Lessors"), during all times relevant to this action as set forth in Exhibit A and Exhibit B hereto (the "Pardee Leases").

a.      The abovementioned Pardee Leases set forth in Exhibit A are located across the State of West Virginia in the following counties: Robin Land – Shrewsberry, Kanawha County; Hogg Land – Coleman, Wayne County; Wittenberg, Wyoming County and Logan County; Dayton, McDowell County; Hawley, Mercer County and Raleigh County; Hogg Land – GWC Land, McDowell County and Mingo County; Wittenburg CBM, Wyoming County; AZ Litz, McDowell County and Wyoming County; Big Huff, Wyoming County;  George, Wyoming County; Courtney, Lincoln County and Boone County; Turkey Creek Mingo, Mingo County; Mohler, Boone County, Lincoln County, and Kanawha County; Gilbert and Plumley – McCorkle, McDowell County and Wyoming County; Pardee Land, Boone County, Logan County, and Wyoming County; Powellton, Kanawha County and Fayette County; Chattaroy, Mingo County; Bedford Orr, Kanawha County, Raleigh County, and Fayette County; Briar Mountain Orr, Kanawha County; Lansburg CBM, McDowell County; Loup Creek, Fayette County; Mingo

<u>Logan</u>, Logan County and Mingo County; <u>PV Dingess Rum Orr</u>, Boone County; <u>Twin Branch</u>, McDowell County; <u>Hinchman</u>, Logan County.

b.    The abovementioned Pardee Leases set forth in Exhibit B are located across the State of West Virginia and the Commonwealth of Virginia in the following counties: <u>Lansburg</u>, McDowell County; <u>Litz Harmon</u>, McDowell County; <u>Main Tract 1</u>, Wyoming County, Raleigh County, McDowell County, Mercer County, Wyoming County, Tazewell County, VA; <u>Twin Branch</u>, McDowell County, Wyoming County; <u>Princewick</u>, Raleigh County; <u>Spruce Laurel Westmoreland Orr</u>, Boone County, Logan County.

5.    The Pardee Leases set forth in Exhibit B are only applicable to Defendants Diversified Gas & Oil Corporation and Diversified Energy PLC in this civil action.

6.    The West Virginia Diversified Defendants and their *alter egos* had responsibilities for complying with the terms and conditions of the Pardee Leases subject to this action during the period of mid-2018 to present.

7.    Defendant Diversified Co-Conspirator is, upon information and belief, not a party or signatory to any of the Pardee Leases subject to this litigation.

### III.    General Allegations

8.    The West Virginia Diversified Defendants and their affiliates subsidiaries were agents, servants, employees and partners and/or joint venturers with each other in the exploration, production and sale of natural gas within the State of West Virginia and each had the responsibility, severally and jointly, to pay Plaintiff Pardee Lessors all moneys due and owing under, and pursuant to, the Pardee Leases identified above.

9.     For the time period referred to above, the West Virginia Diversified Defendants were responsible to properly account for the oil and/or gas which was removed from the Plaintiff Pardee Lessors' mineral interests and to pay the Plaintiff Pardee Lessors all moneys due.

10.     The West Virginia Diversified Defendants agreed, or assumed responsibility, to pay the Plaintiff Pardee Lessors the royalties on the gas produced precisely as set forth in the aforesaid Pardee Leases.

11.     Defendants have intentionally failed and refused to pay Plaintiff Pardee Lessors the royalties as required pursuant to said Pardee Leases and continue to fail and refuse to pay the Plaintiff Pardee Lessors the royalties to which they are entitled.

12.     In the late summer of 2019, but without notice to, knowledge of, or approval by any of the Plaintiff Pardee Lessors, the West Virginia Diversified Defendants, with the knowledge, cooperation, assistance, and approval of Defendant Diversified Energy Company PLC, devised and began to implement a misleading, dishonest, illegal, tortious, and fraudulent accounting and volume reporting program for the Pardee Leases (hereinafter "Fraudulent Accounting Scheme"), the purpose of which was to falsely decrease the volume of Plaintiff Pardee Lessors' natural gas reported to have been produced and sold from the Pardee Leases and, thus, decrease the amount of royalties due to the Plaintiff Pardee Lessors.

13.     The Defendants' Fraudulent Accounting Scheme was, upon information and belief, designed, devised and implemented in order to falsely reduce and misallocate the volume of gas actually produced and sold from the Pardee Leases through the deduction of volumes of natural gas that were lost or used by West Virginia Diversified Defendants in the operation of their production, delivery, marketing, and sales system on non-Pardee leases (hereinafter "Non-Plaintiff Deductions"). These other leases and the Non-Plaintiff Deductions have, and had, no connection

or relationship (either geographical or contractual) to Pardee, Pardee Leases or Plaintiff Pardee Lessors.

14.     The West Virginia Diversified Defendants knowingly misled, concealed from, and deceived Plaintiffs as to the details and results of their fraudulent scheme by the following acts:

a.     The West Virginia Diversified Defendants, with the knowledge and consent of Diversified Co-Conspirator, beginning on or about April of 2019 and each month thereafter, produced a detailed production, sales, and royalty report to the Plaintiff Pardee Lessors which each Plaintiff Pardee Lessor relied upon for its truthfulness and accuracy but which, in fact, (1) falsified the volume of gas produced and delivered to the point of sale or to the proper point of measurement from each of the Pardee Leases, (2) consequently falsely decreased the amount of money owed to the Plaintiff Pardee Lessors as royalties on the gas produced and sold from the Pardee Leases, and (3) concealed from Plaintiff Pardee Lessors the fact that the West Virginia Diversified Defendants were knowingly and intentionally reducing the volume of gas that was actually produced and sold from Pardee Leases by Non-Plaintiff Deductions which actually were incurred as a result of West Virginia Diversified Defendants' systemwide operations, transportation, sales, marketing, and delivery system on thousands of natural gas leases from Lessors other than Plaintiff Pardee Lessors.

b.     On December 11, 2019, and again on January 10, 2020, the West Virginia Diversified Defendants first notified Pardee, by written correspondence transmitted by the United States Mail, that the West Virginia Diversified Defendants were "undergoing and intensive implementation of a new accounting software" whose only stated purpose was to "allow the company to more efficiently issue payments in the future." In fact, the Diversified Defendants with the knowledge, consent, and approval of Diversified Co-Conspirator conspired to, and did, issue

this false narrative to cover-up and disguise from Pardee the true goal of the new accounting system, which was to illegally, tortiously, clandestinely, and fraudulently convert monies owed to, and natural gas owned by, the Plaintiff Pardee Lessors to the West Virginia Diversified Defendants' own use.

15.    In furtherance of Plaintiff Pardee Lessors' effort to discover the cause of precipitous, unexplained volume reductions being experienced on the Pardee Leases, meetings were held in Charleston, West Virginia, on January 26 and February 12, 2021, between various agents and representatives of the Defendants, including Diversified Energy Company PLC Senior Vice-President of Production Services, Todd Tetrick, and Pardee Resources Company Senior Vice-President, Jeffrey Brown.

16.    During the abovementioned meetings, Mr. Tetrick stated that the West Virginia Diversified Defendants (without notice to Pardee) had begun to implement and make use of substantial and material changes to their accounting system software in 2019.

17.    During the abovementioned meetings, Mr. Tetrick was forthcoming in acknowledging, for the first time, that installation and usage by the West Virginia Diversified Defendants of the "new accounting software" (the Fraudulent Accounting Scheme) caused a change to the line loss allocation from the prior procedure to a new practice of applying a uniform systemwide line loss factor across the entire West Virginia Diversified Defendants' delivery system for all lessors – not just to the Plaintiff Pardee Lessors. Prior Lessees, including the West Virginia Diversified Defendants, had properly allocated and attributed actual line loss to the operations that occurred on the Parde Leases from which the gas was produced.

18.    Through the review of continuously revised and amended production reports received by the Plaintiff Pardee Lessors from the West Virginia Diversified Defendants in the late

summer of 2019 and during 2020, the Plaintiff Pardee Lessors began to observe a precipitous, unexplained reduction in the monthly volume of gas production from the Pardee Leases.

19.     Total gas production on the Pardee Leases operated and reported by the West Virginia Diversified Defendants began to drop in January of 2019 and, from September 2019 to February 2021, fell by approximately 30 percent from the volume reported from the producers on the same leaseholds for the prior 18-month period.

20.     The implementation of the Fraudulent Accounting Scheme by the West Virginia Diversified Defendants has resulted and continues to result in a knowing and intentional misrepresentation of the volume of natural gas actually produced and sold from each well on the Pardee Leases, as reported to Plaintiff Pardee Lessors, on each month's production statement from the West Virginia Diversified Defendants beginning with the statement prepared and sent by Defendant Diversified Gas and Oil Corporation to Pardee Lessees identified in Exhibits A and B on or about April 9, 2019, and continuing through November 15, 2019, and the statements prepared and sent by Defendant Diversified Production LLC on February 12, 2020, through the month of the filing of this Amended Complaint.  The aforesaid statements sent to Plaintiff Pardee Lessors were, and continue to be, false and misleading by intentionally omitting the true and correct information that would explain to a reasonable, prudent person whether or not the amounts being paid to Pardee were proper and correctly calculated.

21.     On July 28, 2022, Michael Garrett, Senior Vice President of Accounting and Corporate Controller of Defendant Diversified Energy Company PLC, and agents and representatives of the West Virginia Diversified Defendants, met with representatives of Pardee and therein made a PowerPoint presentation with accompanying narrative, which presentation and narrative informed and acknowledged to Pardee, for the first time, that Defendant Diversified

Energy Company PLC was actively involved, complicit in, and responsible for the procurement, design, implementation, and systemwide utilization of the "new production accounting software utilized by DEC," as further described in Paragraphs 12 through 19 herein.

22.    At that July 28, 2022 presentation, Pardee also first learned that Diversified Energy Company PLC was complicit in procuring, designing, and implementing the accounting software scheme on a systemwide basis so as to knowingly cause the program to falsify the actual produced volume of gas reported to Lessees, including the Plaintiff Pardee Lessors, on the Lessee's monthly statements issued by the West Virginia Diversified Defendants through the application of a mathematical allocation of Diversified's systemwide line loss to Pardee's actual gas production. See Exhibit C for specific non-confidential portions of the July 28, 2022 "Pardee Presentation" by Defendant Diversified Energy Company PLC.

23.    Effective September 1, 2022, Pardee entered into a Tolling Agreement with Diversified by which any "equitable or legal claim that could have been asserted by Pardee against Diversified . . . in a civil action . . . related to the Dispute (as defined therein) whether arising in tort, contract, or under Federal or State statutory law and whether seeking economic, non-economic, or punitive damages, shall be preserved and tolled during the Tolling Period (September 1 through December 1, 2022) for purposes of applicable statutes of limitations . . ." Full text and signatures pages attached as Exhibit D hereto. On December 1, 2022, January 3, 2023, February 15, 2023, and April 15, 2023, Pardee and Diversified entered into subsequent Tolling Agreements, with identical tolling provisions, extending the Tolling Period from December 1, 2022, to June 1, 2023. The fully executed Fourth (and final) Amended Tolling Agreement reciting the continuous Tolling Period of the previous four Tolling Agreements is attached hereto as Exhibit E.

24.     On April 18, 2023, representatives of Pardee met with Michael Garrett and Todd Tetrick, representatives of Diversified Co-Conspirator, and agents of the West Virginia Diversified Defendants, including but not limited to Eric Conley, Associate General Counsel of Diversified Gas & Oil Corporation and Diversified Production LLC.

25.     At the April 18, 2023 meeting, Pardee first learned from agents and representatives of Defendant Diversified Energy Company PLC that the approximately 30 percent volume reduction in natural gas production from the Pardee Leases, which began in or about January 2019 as a direct result and purpose of the implementation of the Fraudulent Accounting Scheme, was not simply a reduction attributable to the improper application of systemwide line loss as had been previously represented to Pardee by Diversified Defendants' agents but was, in fact in substantial measure, the result of the concealment of the West Virginia Diversified Defendants' use of Plaintiff Pardee Lessor's gas to operate Diversified's compression equipment and other machinery and the concealment and misallocation by the West Virginia Diversified Defendants of systemwide postproduction expenses, such as transportation and marketing of gas, incurred on Non-Pardee Leases.

26.     During the April 18, 2023 meeting, Pardee was also first informed of the cause, totality, and delineation of the damages the Plaintiff Pardee Lessors were incurring as a direct result of the West Virginia Diversified Defendants and Diversified Co-Conspirator's implementation and use of their Fraudulent Accounting Scheme to the natural gas production from the Pardee Leases beginning on or about January 1, 2019, in the following particulars:

    a.     by the false monthly deduction from actual gas volumes produced from the Pardee Leases of seven to eight percent for West Virginia Diversified Defendants' use of Pardee gas to operate its compression equipment and other machinery;

b.       by the false monthly deduction from actual gas volumes produced from the Pardee Leases of ten to eleven percent for systemwide line loss; and

c.       by the false monthly deduction from actual gas volumes produced from the Pardee Leases of twelve to thirteen percent for other systemwide post-production expenses, including gas transportation expenses and retainage.

27.       The Defendants, and each of them, had affirmative duties to Pardee arising from the common law and statutory laws of the State of West Virginia, including, but not limited to, the legal duty to refrain from depriving another of money, goods, or property by means of fraudulent pretenses, representations or schemes, the legal duty to faithfully and accurately make reports on their accounts, the legal duty to refrain from acting to conceal the true nature of such accounts, the legal duty to not conspire with another or others to do so, and the legal duty not to procure natural gas with the intent to defraud and evade payment therefore.

28.       By knowingly, intentionally, and fraudulently reducing the volume of gas upon which the West Virginia Diversified Defendants owe royalties to Plaintiff Pardee Lessors, these Defendants have unlawfully obtained possession of natural gas rightfully owned and belonging to the Plaintiff Pardee Lessors, the West Virginia Diversified Defendants have thus wrongfully sold the illegally obtained gas and thereby obtained monies belonging to Pardee.

29.       In sum, the West Virginia Diversified Defendants have, without permission and authority, improperly and illegally taken postproduction volume deductions of approximately 30 percent for line loss, fuel usage for equipment operation, and transportation (retainage) from on or about January 2019 to present, contrary to the law and the terms of Pardee Leases, and, through fraudulent misrepresentation, have illegally obtained and sold, for profit, natural gas belonging to, and owned by, Plaintiff Pardee Lessors thus depriving Plaintiff Pardee Lessors of natural gas and

monies lawfully owed to Pardee. The Diversified Co-Conspirator has been knowingly involved in the creation and implementation of the Fraudulent Accounting Scheme which caused the above damage to the Plaintiff Pardee Lessors.

30.     As part of the legal responsibilities of West Virginia Diversified Defendants, each agreed to and/or had the duty to account for all of the sales of gas from said wells and to accurately account for said wells.

31.     The West Virginia Diversified Defendants willfully and intentionally violated their contractual, common law and statutory duties to the Plaintiff Pardee Lessors.

32.     The West Virginia Diversified Defendants concealed, suppressed, and omitted material facts with intent that Pardee would rely upon same in connection with the sale of goods and services and in the transportation and other post-production charges associated with the sale of said gas.

33.     Pardee relied upon the West Virginia Diversified Defendants to truly, accurately, and properly carry out their contractual, common law and statutory duties and responsibilities, to faithfully and accurately report their accounts, and to account to Pardee for gas produced and sold, payments owing and due to Plaintiffs and for any material deductions or reductions in volumes and associated royalties.

34.     As a result of the aforesaid conduct of the West Virginia Diversified Defendants for several years prior hereto, the Plaintiff Pardee Lessors were each damaged in that each was deprived of royalty payments from Defendants and is owed legal interest from said deficiencies in said royalty payments.

35.     The acts and conduct of each of the Defendants, as set forth within, were willful, wanton, and intentional with an utter disregard of Plaintiff Pardee Lessors' rights, as well as the rights of others.

36.     All Diversified Defendants, except Diversified Energy Company PLC, are licensed to do business in the State of West Virginia.

37.     All Diversified Defendants share the same corporate address of 1600 Corporate Drive, Birmingham, Alabama 35242.

38.     Diversified Production LLC's sole managing member is Diversified Gas & Oil Corporation.

39.     Alliance Petroleum Corporation's sole managing member is Diversified Gas & Oil Corporation.

40.     West Virginia Diversified Defendants disregard corporate formalities by blending ownership and management, using company names interchangeably, by shifting assets and/or monies amongst its affiliated companies/subsidiaries, utilizing employees of the West Virginia Diversified Defendants interchangeably, and by allowing control of the West Virginia Diversified Defendants to be solely managed and operated by Diversified Gas and Oil Corporation and each West Virginia Diversified Defendant interchangeably using the pseudonyms and doing business as "Diversified Energy."

41.     By failing to observe corporate formalities, blending ownership interests and control in dominant stockholders, and allowing injustice and fundamental unfairness to be perpetrated through unlawful, system-wide volume reductions, the West Virginia Diversified Defendants, as *alter egos*, have exposed each other to liability for the acts of each.

## COUNT I – BREACH OF CONTRACT

42.    Pardee incorporates all allegations above, the same as if fully restated and re-alleged.

43.    Plaintiff Pardee Lessors are the current lessors of the aforementioned leaseholds as set forth in Exhibit A and Exhibit B and have performed all duties and obligations thereunder at all times relevant to this Amended Complaint.

44.    Upon information and belief, Defendant Diversified Production LLC is the current lessee of the leaseholds delineated in Exhibit A and has assumed the duties and obligations to perform thereunder.

45.    Upon information and belief, Defendant Diversified Gas & Oil Corporation appears to have been the lessee of the leaseholds delineated in Exhibit A and B from April 2019 until November 2019 as royalty checks were sent by Defendant Diversified Gas & Oil to the Plaintiff Pardee Lessors during that time period.

46.    The West Virginia Diversified Defendants have breached and failed to fulfill their respective duties and obligations to perform under the relevant language of each of the Pardee Leases as specifically delineated in Exhibit A, column 11.

47.    With respect to the leases set forth in Exhibit A, Diversified Production LLC has knowingly and intentionally failed to accurately account for production and sale of Plaintiff Pardee Lessors' gas and has failed and refused to pay the royalties due to the Plaintiff Pardee Lessors from the actual proceeds received by these Defendants from Defendants' extraction and sale of gas from the Pardee Leases. Beginning as early as April 2019 through the present day, the West Virginia Diversified Defendants have knowingly, willfully, maliciously, and wrongfully withheld, and continues to withhold, payment of more than one million dollars in royalties due to Plaintiff Pardee

Lessors. With respect to the leases set forth in Exhibit A and Exhibit B, Defendant Diversified Gas & Oil Corporation has knowingly and intentionally failed to accurately account for production and sale of Plaintiff Pardee Lessors' gas and has failed and refused to pay the royalties due to the Plaintiff Pardee Lessors from the actual proceeds received by Defendants from Defendants' extraction and sale of gas from the Pardee Leases.

48.    The West Virginia Diversified Defendants' failure to pay Pardee the monies and royalty interest owed is a breach of contract for which each is liable.

49.    As a direct and proximate result of the West Virginia Diversified Defendants' breach of contract, Pardee has suffered and continues to suffer loss, damage, and injury.

## COUNT II - FRAUD

50.    Pardee incorporates all allegations above, the same as if fully restated and re-alleged.

51.    Independent of their respective contractual duties to Plaintiff Pardee Lessors under the Pardee Leases as set forth in paragraphs 42-49 herein and as delineated in Exhibits A and B, the West Virginia Diversified Defendants each have a  common law and statutory duty to provide truthful and accurate reports on accounts to the Plaintiff Pardee Lessors, Ario Minerals LLC, Big Huff Minerals LLC, Courtney Minerals LLC, Mingo Minerals LLC, Mohler Minerals LLC, Pardee Oil & Gas LLC, Pardee Royalty LLC, PLC Minerals LLC, and Powellton Minerals LLC, to refrain from taking that which does not belong to these Defendants, to refrain from engaging in deceptive and misleading conduct designed to conceal the true nature of the accounts reported by these Defendants to the Plaintiff Pardee Lessors, and the amounts produced and sold from the Pardee Leases.

52.     The West Virginia Diversified Defendants and the Defendant Co-Conspirator, acting in the manner and method as aforesaid, intentionally and knowingly concealed, misrepresented, and/or failed to reveal material information to the Plaintiff Pardee Lessors related to the change in accounting software, the accounting software's effect on monthly statements, including the reported volume of produced and sold gas from the Pardee Leases.

53.     Defendants committed fraud upon the Plaintiff Pardee Lessors in the following particulars:

      a.     <u>Defendant Diversified Production LLC with Respect to Leases in Exhibit A</u>

      (i)     On December 11, 2019, and again on January 10, 2019, Diversified Production LLC mailed to Plaintiff Pardee Oil & Gas LLC and Plaintiff PLC Minerals LLC by United States Mail a letter which stated that "Diversified" was in the process of implementing new accounting software whose purpose was to "more efficiently issue (royalty) payments in the future." See Exhibit F attached hereto. This statement was materially and knowingly false, misleading, and omitted any mention of the material fact that the "new accounting software" was, in fact, a fraudulent accounting scheme designed and implemented in cooperation and connivance with Diversified Energy Company PLC for the sole purpose of falsely and clandestinely reducing the volumes of gas reported to have been produced by Diversified from each Plaintiff Pardee Lessor's mineral estate and, thus, falsely reducing the amount of money owed to each of the Plaintiff Pardee Lessors for having removed, transported, and sold these Plaintiffs' natural gas.

      Upon information and belief, the above-described letters were prepared by natural persons employed by one of the West Virginia Diversified Defendants at the behest of, instruction of, approval of, and/or supervision by management officers and senior

policymakers within the said Defendants' organizations, all of whom are known to the said Defendants and can be identified through the discovery process.

(ii)    Beginning on or about February 12, 2020, and continuing each month thereafter to the present time (August 2023), Diversified Production LLC has prepared and delivered to the Plaintiff Pardee Lessors or their authorized agent or representative a comprehensive monthly report setting forth, in detail, the number of cubic feet of natural gas produced in a given month by Diversified Production LLC from each gas well on each of the Pardee Leases, the number of cubic feet which constitutes each Lessee's share of the monthly production, the amount of money received from the sale of all of the gas produced in a given month by Diversified Production LLC and the amount of money paid to the Plaintiff Pardee Lessors as a result of the production. Each of these approximately 170 monthly statements produced by Diversified Production LLC over the course of 43 months falsely states the volumes of natural gas actually produced by Diversified Production LLC at each well, falsely states the "owner's share" (Pardee Lessor) of said natural gas at each well, and falsely states the "value" of the natural gas which constitutes the "owner share" to which each Plaintiff Pardee Lessor is entitled.  These approximately 170 monthly statements, an exemplar of which is attached hereto as Exhibit G, are misleading and false in that Diversified Production LLC knowingly reduced the actual volumes of gas produced from the wells located on the Pardee Leases by a percentage – approximating, in the aggregate, 30 percent – to recover postproduction expenses the Defendant claims to have incurred as corporate expenses but not related to, or chargeable to, the Plaintiff Pardee Lessors or Pardee Leases. Moreover, the omission on the monthly statements (or by any communication to the Plaintiff Lessors) of the material fact that the basis for deduction to the actual volume of gas is to reimburse Diversified Production LLC for unauthorized corporate expenses under the guise of

implementing an accounting software program to allow Diversified Production LLC to "more efficiently issue (royalty) payments in the future" constitutes a scheme of fraudulent concealment.

Upon information and belief, the above-described approximately 170 monthly statements were prepared by natural persons employed by Diversified Production LLC at the behest of, instruction of, approval of, and/or supervision by management officers and senior policymakers within the said Defendants' organizations, all of whom are known to the said Defendants and can be identified through the discovery process.

(iii)    At the July 28, 2022 meeting with Pardee representatives, Diversified Production LLC representatives in attendance kept silent and allowed representatives of Diversified Co-Conspirator to make a PowerPoint presentation and narrative which falsely and knowingly claimed that the material reduction experienced in the volume of gas produced by Diversified Production LLC on the Pardee Leases since early 2019 (and the commensurate material reduction in monies owed to the Plaintiff Pardee Lessors from that production) was solely the result of "systemwide line loss."  In fact, the reduction was in large part due the implementation of the Fraudulent Accounting Scheme which was designed and intended to wrongfully and clandestinely take natural gas and monies derived from the sale of natural gas that were the property of the Plaintiff Pardee Lessors by reducing actual gas volumes by an amount that would compensate Diversified Co-Conspirator for corporate expenses that had no relation to the production of gas from the Pardee Leases.

Upon information and belief, the above-described Diversified Production LLC representatives were prepared by Defendant Diversified Production LLC at the behest of, instruction of, approval of, and/or supervision by management officers and senior

policymakers within the said Defendants' organizations, all of whom are known to the said Defendants and can be identified through the discovery process.

    b.  Defendant Diversified Gas & Oil Corporation with Respect to All Leases in Exhibit A and Exhibit B

     (i)  Starting on or about April 2019 until on or about November 2019, Defendant Diversified Gas & Oil Corporation prepared and delivered to the Plaintiff Pardee Lessors or their authorized agent or representative a comprehensive monthly report setting forth, in detail, the number of cubic feet of natural gas produced in a given month by Diversified Production LLC from each gas well on each of the Pardee Leases, the number of cubic feet which constitutes each Lessee's share of the monthly production, the amount of money received from the sale of all of the gas produced in a given month by Diversified Gas & Oil Corporation and the amount of money paid to the Plaintiff Pardee Lessors as a result of the production.  Each of these approximately 50 monthly statements produced by Diversified over the course of 8 months falsely states the volumes of natural gas actually produced by Diversified at each well, falsely states the "owner's share" (Pardee Lessor) of said natural gas at each well, and falsely states the "value" of the natural gas which constitutes the "owner share" to which each Plaintiff Pardee Lessor is entitled.  These approximately 50 monthly statements, an exemplar of which is attached hereto as Exhibit H, are misleading and false in that Diversified Gas & Oil Corporation knowingly reduced the actual volumes of gas produced from the wells located on the Pardee Leases by a percentage – approximating, in the aggregate, 30 percent – to recover post-production expenses the Defendant claims to have incurred as corporate expenses but not related to, or chargeable to, the Plaintiff Pardee Lessors or Pardee Leases.  Moreover, the omission on the monthly statements (or by any communication to the Plaintiff Lessors) of the material fact that the basis for deduction to the actual volume of gas is to reimburse Diversified Gas & Oil Corporation for unauthorized corporate

expenses under the guise of implementing an accounting software program to allow Diversified to "more efficiently issue (royalty) payments in the future" constitutes a scheme of fraudulent concealment.

Upon information and belief, the above-described approximately 50 monthly statements were prepared by natural persons employed by Diversified Gas & Oil Corporation at the behest of, instruction of, approval of, and/or supervision by management officers and senior policymakers within the said Defendants' organizations, all of whom are known to the said Defendants and can be identified through the discovery process.

c.    Defendant Diversified Energy Company PLC with Respect to All Leases in Exhibit A and Exhibit B

(i)    On July 28, 2022, at a meeting with Pardee representatives, representatives of Diversified Energy Company PLC presented a PowerPoint presentation which falsely and knowingly claimed that the material reduction experienced in the volume of gas produced by Diversified Production LLC on the Pardee Leases since early 2019 (and the commensurate material reduction in monies owed to the Pardee Lessors from that production) was the result of "systemwide line loss" when, in fact, the reduction was in large part due the implementation of the Fraudulent Accounting Scheme which was designed and intended to wrongfully and clandestinely take natural gas and monies derived from the sale of natural gas that were the property of the Pardee Lessors by reducing actual gas volumes by an amount that would compensate Diversified Energy Company PLC for corporate expenses that had no relation to the production of gas from the Pardee Leases.

Upon information and belief, the above-described PowerPoint documents were prepared by natural persons, and the presenters thereof were, employed by Co-Conspirator Diversified Energy Company PLC at the behest of, instruction of, approval of, and/or

supervision by management officers and senior policymakers within the said Defendants' organizations, all of whom are known to the said Defendants and can be identified through the discovery process.

54.    The West Virginia Diversified Defendants' fraudulent transaction and misrepresentation of the truthfulness in the royalty statements sent to the Plaintiff Pardee Lessors, caused a false and undervalued determination of the overall natural gas sold and the royalties owed to the Plaintiff Pardee Lessors, are material and false acts wrought upon Pardee by Defendants.

55.    The Plaintiff Pardee Lessors each relied upon the truthfulness of the West Virginia Diversified Defendants' dealings, transactions, and the monthly production and royalty statements received from Defendants in ascertaining the amount of royalty due, and such reliance was justified under the circumstances since Defendants provided Pardee with no additional information with which to question such reported volumes and payments or the corporate and contractual structures under and in which Defendants' dealings were conducted.

56.    The Plaintiff Pardee Lessors were directly, proximately and foreseeably damaged by each Defendant's fraudulent misconduct in that they were deprived of mineral interests owned by them, as well as rents and royalties due and owing to them under West Virginia statutory law and common law of West Virginia.

57.    The Plaintiff Pardee Lessors relied, to their detriment, on the false and misleading monthly production statements and the other misrepresentations aforesaid by each of the Defendants and have thereby suffered and will continue to suffer loss, damage and injury.

### COUNT III – CIVIL CONSPIRACY

58.    Pardee incorporates all allegations above, the same as if fully restated and re-alleged.

59.    Upon information and belief, in early 2019, the West Virginia Diversified Defendants (as limited by paragraph 5) and Diversified Energy Company PLC, by and through natural persons employed by one or more of these Defendants at the behest of, instruction of, approval of, and/or supervision by management officers and senior policymakers with the said Defendants' organizations, all of whom are known to said Defendants and can be identified through the discovery process, entered into a conspiracy to commit fraud by procuring, designing, and assisting in the implementation of an accounting scheme to be used by the West Virginia Diversified Defendants in diverting and converting the Plaintiff Pardee Lessors' natural gas and revenues derived therefrom to the possession, use, and benefit of the West Virginia Diversified Defendants.

60.    This conspiracy was designed to, and did, financially benefit both the West Virginia Diversified Defendants and Diversified Energy Company PLC, to the financial detriment of Plaintiff Pardee Lessors.

61.    The mechanism and features of the Fraudulent Accounting Scheme that the West Virginia Diversified Defendants and Diversified Energy Company PLC conspired to implement were, and are, as follows:  Gas produced and sold by the West Virginia Diversified Defendants is underreported to the Plaintiff Pardee Lessors, thus defrauding the Plaintiff Pardee Lessors through false monthly production and revenue statements as to the true nature of the production and sale of gas from the Pardee Leases.  This scheme deprives the Plaintiff Pardee Lessors of their mineral properties and monies belonging to them from the sale of those mineral interests by the illegal transfer by the West Virginia Diversified Defendants to their own corporate possession and financial benefit.

62.     The West Virginia Diversified Defendants and Diversified Co-Conspirator conspired to implement system-wide and false volume reductions in direct violation of West Virginia common and statutory law.

63.     As a proximate result thereof, Pardee has suffered and will continue to suffer economic loss, financial damage and injury as a direct result of their conspiracy.

## COUNT IV - CONVERSION

64.     Pardee incorporates all allegations above, the same as if fully restated and re-alleged.

65.     By law, the aforementioned mineral interests, including oil, gas, and other hydrocarbons in the Pardee Leases are the sole property of the Plaintiff Pardee Lessors.

66.     As set forth herein, the West Virginia Diversified Defendants (as limited by paragraph 5), by and through natural persons employed by one or more of these Defendants at the behest of, instruction of, approval of, and/or supervision by management officers and senior policymakers with the said Defendants' organizations, all of whom are known to said Defendants and can be identified through the discovery process, without justification or explanation, and without the Plaintiff Pardee Lessors' knowledge or consent, withheld, beginning in approximately April of 2019, and continue to withhold, gas and other hydrocarbons, and the monetary value thereof, belonging to the Plaintiff Pardee Lessors. Through artifice, fraud, misrepresentation, and the implementation of the Fraudulent Accounting Scheme, the details of which are set forth in the preceding paragraphs, the West Virginia Diversified Defendants have, independent of their contractual obligations to the Pardee Lessors, breached their common law and statutory duties to the Pardee Lessors by wrongfully converting natural gas and monies belonging to the Plaintiff Pardee Lessors to their own corporate use and benefit.

67.     As a direct result of said breach of duty and conversion, the Plaintiff Pardee Lessors have suffered and will continue to suffer loss, damage, and injury.

## COUNT V – STATUTORY VIOLATIONS

68.     Pardee incorporates all allegations above, the same as if fully stated and re-alleged.

69.     Independent of their contractual obligations to the Plaintiff Pardee Lessors under the terms of the Pardee Leases,  as set forth in paragraphs 42-29 herein, and as limited by paragraph 5, the West Virginia Diversified Defendants, by and through natural persons employed by one or more of these Defendants at the behest of, instruction of, approval of, and/or supervision by management officers and senior policymakers with the said Defendants' organizations, all of whom are known to said Defendants and can be identified through the discovery process, acting in the manner and method set forth in the preceding paragraphs, have violated, and continue to violate, the following criminal statutes of the State of West Virginia, specifically: West Virginia Code §§ 61-3-20, 61-3-22, and 61-3-24(d) in the following particulars:

a.     By fraudulently converting monies and natural gas rightfully owned by the Plaintiff Pardee Lessors to their own use beginning in April 2019 and continuing to the present time, Diversified Production LLC and Diversified Gas & Oil Corporation have both breached their statutory duty to obey West Virginia Code § 61-3-20, Embezzlement.

b.     By knowingly, and with the intent to defraud, obtaining natural gas and monies belonging to the Plaintiff Pardee Lessors, as set forth herein, beginning in April 2019 and continuing to the present time, Diversified Production LLC and Diversified Gas & Oil Corporation each have violated their statutory duty to obey West Virginia Code § 61-3-24, Obtaining money, property and services by false pretenses.

c.      By knowingly and with the intent to defraud, obtaining money from the Plaintiff Pardee Lessors to which Diversified Production LLC and Diversified Gas & Oil Corporation were not entitled through the making of false entries in the monthly natural gas production and sales records kept, maintained, and delivered to the Plaintiff Pardee Lessors, beginning in April 2019 and continuing to the present time, the aforementioned two defendants have violated, and continue to violate, their statutory duty to obey West Virginia Code § 61-3-22, <u>Falsifying accounts</u>.

70.     As a direct result of said breaches of statutory duty by the West Virginia Diversified Defendants, the Pardee Lessees have suffered and will continue to suffer loss, damage, and injury.

**COUNT VI – TORTIOUS INTERFERENCE**

71.     Pardee incorporates all allegations above, the same as if fully stated and re-alleged.

72.     The Plaintiff Pardee Lessors have valid leases with West Virginia Diversified Defendants that recognize Plaintiffs' exclusive rights to the oil and gas mineral rights in the Pardee leaseholds and grants the West Virginia Diversified Defendants exclusive rights to produce and sell natural gas located on the mineral estates under certain specific conditions.

73.     Each of the Pardee Leases contains one or more of the following terms:

a.      That the natural gas produced and sold be accurately measured before co-mingling said gas with gas from other lessors or sources;

b.      That there shall be no reduction for line loss;

c.      That there shall be no reduction for fuel usage;

d.      That third-party transportation and other post-production retainage are not deductible;

     e.     No Pardee Lease permits post-production deductions to be taken on a systemwide basis, i.e., deductions for expenses incurred by the Lessee on premises other than the Lessee's; and

     f.     No Pardee Lease allows any post-production deduction to be taken that is falsely represented to the Lessor or which is not actually measured and defined.

74.     Defendant Diversified Energy Company PLC has full access to and constructive knowledge of the terms of the Pardee Leases.

75.     Notwithstanding said knowledge, Defendant Diversified Energy Company PLC, by and through natural persons employed by one or more of this Defendant at the behest of, instruction of, approval of, and/or supervision by management officers and senior policymakers with the said Defendant's organization, all of whom are known to said Defendants and can be identified through the discovery process,  in early 2019, knowingly procured, devised, and caused the West Virginia Diversified Defendants to implement a fraudulent accounting software scheme which caused the terms of the Pardee Leases set for in Paragraph 73 to be violated by the West Virginia Diversified Defendants.

76.     Defendant Diversified Energy Company PLC had and has no lawful justification for its tortious interference with the Pardee Leases.

77.     As a result of the conduct of Defendant Diversified Energy Company PLC, as aforesaid, Plaintiffs have suffered and will continue to suffer financial loss, damage and injury.

### COUNT VII – TORTIOUS BREACH OF MINERAL ACCOUNTING STANDARDS IN VIOLATION OF PUBLIC POLICY

78.     Pardee incorporates all allegations above, the same as if fully stated and re-alleged.

79.     The Council of Petroleum Accountants Societies sets forth standards and procedures for accounting in the oil and gas industry.

80.     West Virginia Diversified Defendants' policies and procedures should be designed to address risks that threaten their respective abilities to safeguard assets, improve quality of information reporting, and contribute to more efficient operations of its internal controls.

81.     Internal controls are essential for organizations to ensure compliance with regulations, laws, standards, and industry guidelines and to mitigate theft and fraud from within the organization.

82.     The effectiveness of internal controls is threatened by management override, human error and misjudgment, a lack of understanding, or disregard, for control processes, and fraud.

83.     The West Virginia Diversified Defendants have failed to adopt and implement proper accounting standards, proceedings and controls which address risks that threaten their assets and compromise the quality and accuracy of information reported, thus endangering the accurate presentation of the finances of the West Virginia Diversified Defendants to their stakeholders and those who relied on the accuracy of financial presentations, including Pardee.

84.     Pardee reasonably believed, and relied upon, the West Virginia Diversified Defendants maintaining sufficient controls to ensure compliance with the Pardee Leases.

85.     Pardee reasonably believed, and relied upon, the West Virginia Diversified Defendants maintaining sufficient controls to ensure that information it published to Pardee, and other lessors, about production and revenue for the Pardee Leases was, and is, accurate and not misleading.

86.     Upon information and belief, the West Virginia Diversified Defendants actions, inactions, and failure to implement, assess, maintain, monitor, and/or communicate systems of control, have contributed to Pardee's financial losses and damages as set forth herein.

87.     Stakeholders, including Pardee, reasonably believe, and rely upon, West Virginia Diversified Defendants maintaining sufficient controls to ensure protection from theft and fraud, such as were perpetrated by the Defendants.

88.     Upon information and belief, West Virginia Diversified Defendants' actions, inactions, and failure to implement, assess, maintain, monitor, and/or communicate systems of control, have failed to properly prevent against theft and fraud, placing stakeholders' resources, including Plaintiff Pardee Lessors', at risk.

## PRAYER

WHEREFORE, Pardee demands that it is awarded damages and equitable and affirmative relief against Defendants, as follows:

a.     Compensatory damages in an amount to be determined by the Court and jury;

b.     That punitive damages be awarded against Defendants sufficient to punish each of them for their wanton and malicious corporate acts and to deter them from continuing to act in the foregoing unlawful manner toward their lessors;

c.     Equitable relief in the form of an accounting to Pardee of all amounts produced and sold from the Pardee leaseholds, an accounting of all actual line loss from the Pardee leaseholds, all monies received as proceeds from the sale of natural gas or other hydrocarbons therefrom produced from the Pardee Leases from the time of the West Virginia Diversified Defendants' first production from the Pardee leaseholds, and an accounting of all monies paid out from these sale proceeds to Pardee and other royalty owners, override royalty owners, lessors, taxing authorities, or other third-party entities;

d.     Implementation of changes to the West Virginia Diversified Defendants' accounting systems to properly account for gas produced and sold for each of the Pardee Leases

and to delineate the nature, description, calculation, and authorization for any deduction from volumes of gas or revenues derived therefrom belonging to Pardee.

      e.      The costs and disbursements of this action, including attorney's fees;

      f.      Prejudgment and postjudgment interest;

      g.      For such other further and general relief, compensatory, punitive, equitable, or injunctive, as the Court deems just and proper.

      PLAINTIFFS DEMAND A TRIAL BY JURY

                             **PLAINTIFFS,**
                             **ARIO MINERALS LLC,**
                             **BIG HUFF MINERALS LLC,**
                             **COURTNEY MINERALS LLC,**
                             **MINGO MINERALS LLC,**
                             **MOHLER MINERALS LLC,**
                             **PARDEE MINERALS HOLDING COMPANY LLC,**
                             **PARDEE OIL & GAS LLC,**
                             **PARDEE RESOURCES COMPANY,**
                             **PARDEE ROYALTY LLC,**
                             **PLC MINERALS LLC,**
                             **POWELLTON MINERALS LLC,**
                             **By Counsel**

*/s/John F. McCuskey*
John F. McCuskey (WV Bar #2431)
Brian J. Warner (WV Bar #9372)
Michael Quinlan (WV Bar #14285)
**SHUMAN MCCUSKEY SLICER PLLC**
1411 Virginia Street East, Suite 200 (25301)
Post Office Box 3953
Charleston, West Virginia 25339
Telephone: (304) 345-1400
Facsimile: (304) 343-1826

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**ARIO MINERALS LLC,
BIG HUFF MINERALS LLC,
COURTNEY MINERALS LLC,
MINGO MINERALS LLC,
MOHLER MINERALS LLC,
PARDEE MINERALS HOLDING COMPANY LLC,
PARDEE OIL & GAS LLC,
PARDEE RESOURCES COMPANY,
PARDEE ROYALTY LLC,
PLC MINERALS LLC,
POWELLTON MINERALS LLC,**

        **Plaintiffs,**

**v.**                                **Civil Action No. 1:23-cv-00522
                                       (Senior Judge David A. Faber)**

**DIVERSIFIED PRODUCTION LLC d/b/a
ALLIANCE PETROLEUM CORPORATION,
DIVERSIFIED GAS & OIL CORPORATION,
DIVERSIFIED ENERGY COMPANY PLC,**

        **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

    I, John F. McCuskey, counsel for Plaintiffs, hereby certify that the foregoing ***Amended***

***Complaint*** was served upon the following via notification from the CM/ECF filing system:

Lauren K. Turner, Esq.
Amy M. Smith, Esq.
Shaina L. Richardson, Esq.
Emily M. Rector, Esq.
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
*Counsel for Defendants*

Dated: August 25, 2023.

                                     */s/John F. McCuskey*
                                     John F. McCuskey (WV Bar #2431)
                                     Brian J. Warner (WV Bar #9372)
                                     Michael Quinlan (WV Bar #14285)