```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

ARIO MINERALS, LLC, et al.,

    Plaintiffs,

v.                                         CIVIL ACTION NO. 1:23-00522

DIVERSIFIED PRODUCTION LLC d/b/a
ALLIANCE PETROLEUM CORPORATON,
et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the court are the following motions:

1) Defendants' Motion for Leave to File Supplemental Authority (ECF No. 42);

2) Motion for Emily Mae Rector to Withdraw as Counsel for Defendants (ECF No. 43);

3) Defendants' Motion to Continue the Amended Scheduling Order (ECF No. 65); and

4) Joint Motion for Extensions of Time (ECF No. 96).

For good cause shown, ECF Nos. 42 and 43 are **GRANTED**. As well, the Joint Motion for Extensions of Time is **GRANTED** and the deadlines are continued to the dates contained in the joint motion.

Also pending is defendants' motion for a stay of discovery pending resolution of their motion to dismiss. (ECF No. 48).

"Courts are vested with broad discretion to manage the conduct of discovery, with the ultimate goal of ensuring the just, speedy, and inexpensive determination of every action and proceeding." Sai v. Dep't of Homeland Sec., 99 F. Supp. 3d 50, 58 (D.D.C. 2015). Through Federal Rule of Civil Procedure 26, this broad discretion includes the authority to stay discovery pending resolution of a dispositive motion. See Blankenship v. Napolitano, 2019 WL 6173530, at *2 (S.D.W. Va. Nov. 19, 2019) (citing Thigpen v. United States, 800 F.2d 393, 396 (4th Cir. 1986)); Sheehan v. United States, 2012 WL 1142709, at *1 (N.D.W. Va. Apr. 4, 2012). "Absent an abuse of discretion, the United States Court of Appeals for the Fourth Circuit will uphold a decision to issue a protective order or to otherwise limit the timing or scope of discovery." Sheehan, 2012 WL 1142709, at *1. The context of each case bears upon whether to grant a stay of discovery. Bragg v. United States, 2010 WL 3835080, at *1 (S.D.W. Va. Sept. 29, 2010) (noting that a "case-by-case analysis is required"); Sai, 99 F. Supp. 3d at 58 ("No categorical rule is appropriate; rather each case should be considered based on its unique facts and context.").

Courts seek to avoid two overarching vices in ruling upon motions to stay discovery pending the resolution of a

dispositive motion.  One is the vice of wasted resources by all concerned (should the dispositive motion ultimately be granted).  See Branch Banking & Tr. Co. v. ServisFirst Bank, 2019 WL 5688180, at *2 (S.D.W. Va. Nov. 1, 2019).  The other is the vice of unnecessary delay (should the dispositive motion be denied).  Kron Med. Corp. v. Groth, 119 F.R.D. 636, 637-38 (M.D.N.C. 1988).  Courts "inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." Simpson v. Specialty Retail Concepts, 121 F.R.D. 261, 263 (M.D.N.C. 1988).  This balancing act echoes the goal of speedy and inexpensive justice.  See Fed. R. Civ. P. 1 (exhorting courts and parties to use the Rules to achieve "the just, speedy, and inexpensive determination of every action and proceeding.").

Courts have noted that while staying discovery may preserve resources, more often, it may have the reverse effect:

> Disruption or prolongation of the discovery schedule is normally in no one's interest.  A stay of discovery duplicates costs because counsel must reacquaint themselves with the case once the stay is lifted.  Matters of importance may be mislaid or avenues unexplored.  A case becomes more of a management problem to the Court when it leaves the normal trial track.  While time may heal some disputes, in others it merely permits more opportunity for festering.

Groth, 119 F.R.D. at 638.  Thus, motions to stay discovery are generally disfavored, and the burden on the moving party is

3

relatively heavy.  Wymes v. Lustbader, 2012 WL 1819836, at *4 (D. Md. May 16, 2012).

    The pendency of a dispositive motion is emphatically not, by itself, sufficient cause to stay discovery.  See Bluefield Gas Co. v. Abbs Valley Pipeline, LLC, 2010 WL 11562028, at *2 (S.D.W. Va. Mar. 30, 2010); Pennsylvania v. Navient Corp., 348 F. Supp. 3d 394, 401 (M.D. Pa. 2018); Sheehan v. United States, 2012 WL 1142709, at *2 (N.D.W. Va. Apr. 4, 2012).  Boilerplate, too, is insufficient; the moving party must articulate why "the benefits of a stay outweigh the cost of delay" with specificity.  See Wymes, 2012 WL 1819836, at *3.

    Along with the foregoing principles, six factors and a catch-all factor, collectively derived from Hatchette Distrib., Inc. v. Hudson Cnty. News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991), often guide a court's analysis of this type of motion:

> (1) the type of [dispositive] motion and whether it is a challenge as a "matter of law" or to the "sufficiency" of the allegations; (2) the nature and complexity of the action; (3) whether counterclaims and/or cross-claims have been interposed; (4) whether some or all of the defendants join in the request for a stay; (5) the posture or stage of the litigation; (6) the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and (7) any other relevant circumstances.

Rowe v. Citibank, 2015 WL 1781559, at *1 (S.D.W. Va. Apr. 17, 2015) (numbers added).  No single factor is dispositive.  Id.

4

These factors are simply a framework to assist the court as it seeks to avoid the vices of unnecessary expense and unnecessary delay without being able to see into the future regarding the pending motions to dismiss.  Furthermore, "[i]n balancing the harm produced by a delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery, it may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted."  Bennett v. Fastenal Company, Civil Action No. 7:15-cv-00543, 2016 WL 10721816, at *1 (W.D. Va. Mar. 8, 2016) (cleaned up).

In this case, plaintiffs allege that defendants have breached certain oil and gas leases in their payment/nonpayment of royalties.  The amended complaint contains claims for breach of contract, fraud, civil conspiracy, statutory violations, tortious interference, and tortious breach of mineral accounting standards.  Defendants have moved to dismiss the amended complaint in its entirety for a host of reasons, such as sufficiency of the pleading, failure to plead fraud with particularity, that certain claims are barred by the intracorporate conspiracy doctrine, and so on.

After taking a "preliminary peek" at the briefing on the motion to dismiss, the court is not persuaded that defendants'

motion to dismiss will be granted.  While there will likely be a narrowing of claims and/or defendants, it does not appear that resolution of the motion to dismiss will eliminate the need for discovery.  Nor do the Hatchette factors weigh in favor of granting a stay.  Therefore, a stay of discovery is not warranted and defendants' motion to stay discovery is **DENIED**.[1]

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 19th day of July, 2024.

ENTER:

David A. Faber
Senior United States District Judge

---

[1] The court also DENIES ECF No. 65 without prejudice.  Given the court's rulings herein, if additional time is needed, defendants may renew their motion.